HOWARD C. MISKIN (HM7038)
GLORIA TSUI-YIP (GT9377)
Attorneys for Plaintiff
Molino's Diamonds Inc.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, New York 10118
(212) 268-0900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
MOLINO'S DIAMONDS INC. d/b/a             :
MOLINO JEWELERS,                         :
        Plaintiff,                  :
                                    :   Civil Action No. 07-6216 (GEL)(DFE)
                                    :                  ECF CASE
   - against -                          :
                                    :
HSN INTERACTIVE, LLC,                    :
CLYDE DUNEIER, INC.    and               :
JOHN DOE                                 :
        Defendants.                 :
------------------------------------------------------------X

## COMPLAINT

Plaintiff, Molino's Diamonds Inc. d/b/a Molino Jewelers (hereinafter "Molino" or "Plaintiff"), complains of HSN INTERACTIVE, LLC (hereinafter "HSN"), CLYDE DUNEIER, INC. (hereinafter "DUNEIER") and John Doe (hereinafter "DOE") (hereinafter collectively "Defendants"), as follows:

1.     This action arises under the patent laws of the United States, 35 U.S.C. Section 101 et seq.

### Jurisdiction and Venue

2.     This Court has original subject matter jurisdiction over this action under Title 28, United States Code, Sections 1338(a) and (b).

3. Upon information and belief, Defendant HSN, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(c) and 1400(b).

4. Upon information and belief, Defendant DUNEIER, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(c) and 1400(b).

5. Upon information and belief, Defendant DOE, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(c) and 1400(b).

## The Parties

6. Plaintiff is a New York corporation having a principal place of business at 324 Route 202, Pomona, New York 10970.

7. Upon information and belief, HSN is a Delaware limited liability company having a principal place of business at 1 HSN Drive, St. Petersburg, Florida 33729.

8. Upon information and belief, DUNEIER is a New York company having a principal place of business at 415 Madison Avenue, New York, New York 10017.

9.     Upon information and belief, DOE is an individual or legal entity, whose identification is currently unknown.

Facts

10.    Plaintiff is the owner of all right, title and interest in and to the valid and subsisting U.S. Patent No. 6,789,395 for "Convertible Pendant Jewelry," issued to William Molino, Igor Dranovsky and Mikhail Buryakov on September 14, 2004 (hereinafter "the '395 patent" or "the patent in suit"), a copy of which is attached hereto as Exhibit A.

11.    Upon information and belief, HSN has infringed the patent in suit, in this district and elsewhere by making, using and selling and inducing others to use and sell a product called "The Convertible Necklace" ("Defendant's Product").  A copy of Defendant's Product is attached hereto as Exhibit B.

12.    Upon information and belief, DUNEIER has infringed the patent in suit, in this district and elsewhere by making, using and selling and inducing others to use and sell a product called "The Convertible Necklace" ("Defendant's Product").  A copy of Defendant's Product is attached hereto as Exhibit B.

13.    Upon information and belief, DUNEIER has offered for sale and sold Defendant's Product to and/or through HSN.

14.    Upon information and belief, DOE has infringed the patent in suit, in this district and elsewhere by making, using and selling and inducing others to use and sell a product called "The Convertible Necklace" ("Defendant's Product").  A copy of Defendant's Product is attached hereto as Exhibit B.

15. Upon information and belief, DOE has offered for sale and sold Defendant's Product to DUNEIER.

16. On or about April 12, 2005, a cease and desist letter was sent to HSN requesting that HSN discontinue all sales of Defendants' Products and account to Molino for past infringement.

17. Upon information and belief, on or about May 3, 2005, HSN ceased sales of Defendants' Product.

18. Upon information and belief, on or about April 14, 2006, HSN began selling Defendants' Product again.

19. On or about April 18, 2006, a second cease and desist letter was sent to HSN requesting that HSN discontinue all sales of Defendants' Products and account to Molino for past infringement.

## Patent Infringement of U.S. Patent No. 6,789,395

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. This is a claim for patent infringement, arising under the patent law of the United States, Title 35, United States Code, Sections 101 et seq.

22. Upon information and belief, Defendants have infringed one or more claims of the '395 patent, in this district and elsewhere, by making, using and selling and inducing others to use and sell Defendants' Product embodying the '395 patent.

23. On information and belief, Defendants' infringement has been with notice and knowledge of the '395 patent and is deliberate, willful and wanton.

24.	By reason of the infringement by Defendants, Plaintiff has suffered damages in an amount to be ascertained upon an accounting.

25.	By reason of the infringement by Defendants, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer additional irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

WHEREFORE, Plaintiff prays for judgment:

A.	Finding the patent in suit valid and infringed by Defendants;

B.	Preliminarily and permanently enjoining Defendants, their employees, officers, directors, agents, servants and all others in privity from infringing the claims of the patent in suit as provided for in 35 U.S.C. Section 283;

C.	Ordering an accounting to assess and award damages to Plaintiff for Defendants' infringement of the patent in suit, and increasing the damages awarded to Plaintiff to three times the amount found by reason of Defendants' willful continuing infringement as provided for in 35 U.S.C. Section 284;

D.	Awarding Plaintiff its costs and reasonable attorney fees;

E.	Declaring this case exceptional by reason of Defendants' willful infringement and awarding Plaintiff its attorney's fees incurred in prosecuting this action as provided for in 35 U.S.C. Section 285; and

F.	Granting Plaintiff such other and further relief as this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Date: July 2, 2007
New York, New York

       /s/Gloria Tsui-Yip
Howard C. Miskin (HM7038)
Gloria Tsui-Yip (GT9377)
Attorneys for Plaintiff
STOLL, MISKIN & BADIE
350 Fifth Avenue, Suite 4710
New York, New York 10118
(212) 268-0900